(No. 3446—

Mrs. Nellie Gleason, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 10, 1942.*

A. B. Manion, for claimant.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Chief Justice Damron delivered the opinion of the court:

This claim was filed January 30, 1940, for $3,806.15.

Richard A. Kane was employed by the State of Illinois on October 20, 1938, as a recreation assistant at the St. Charles School for Boys, St. Charles, Illinois. On August 2, 1939, he received injuries from an accident while driving a State truck, on premises belonging to said school. The front wheel of the truck struck a rut or became locked throwing the machine out of control, it turned over crushing him through the chest, which resulted in his death on August 17,

1939. The deceased at the time of his injuries was twenty-three years of age and resided in West Chicago, Illinois; however he lived in his quarters furnished him at the school.

From October 20, 1938, to the date of the injury the respondent paid him, for his services, the sum of $68.25, and maintenance valued, by the Department of Public Welfare at $24.00, making a total of $92.25, monthly.

From the complaint it appears that the said Richard A. Kane was single and left surviving him, his mother, the claimant, who claims she was partially dependent upon the earnings of the deceased at the time of the injuries. That he contributed approximately $30.00 per month towards her support, and maintenance for more than a year prior to August 2, 1939. She makes this claim under Section 7, Paragraph (C) of the Illinois Workmen's Compensation Act, and claims to the extent of fifty per cent of his earnings and therefore asks that she be awarded one-half of four times the annual earnings, or the sum of $2,220.00.

The complaint in this case also asks for the sum of $1,586.15 for medical, surgical, nursing, hospital fees and services, court reporting, and funeral expenses rendered the deceased, no part of which has been paid by the respondent, nor as yet by the claimant.

The record in this case consists of the complaint, the report of W. T. Harmon, Managing Officer of the Illinois State Training School for Boys, to which is attached a report of C. C. Johnson, who was employed at the school garage, the transcript of evidence introduced on behalf of the claimant, the abstract of the evidence and the statements, briefs, and arguments of the respective parties.

The accident occurred on August 2, 1939, and death ensued, from the injuries, on August 17, 1939. The respondent had knowledge of the accident on the same day it occurred. This claim was filed January 30, 1940. Under the cases cited in the brief not only did the filing of the claim constitute an application under Section 24 of the Workmen's Compensation Act, but since the same was filed within such period it constituted a demand within the six months provided for by this section of the Act. It would, therefore, appear that all the jurisdictional requirements of said Section 24 were complied with.

In *Tyrrell* vs. *State,* 10 C. C. R. 368, the court decided that the dependents of an electrical engineer employed at the St. Charles School for Boys, (which is the same institution where claimant's deceased son was employed), were entitled to compensation for his death, and that the deceased was such a State employee as to be entitled to the benefits of the Illinois Workmen's Compensation Act. Numerous other cases were cited in the briefs in which employees of the State in various capacities, or their dependents, were allowed compensation. It would seem that the decisions in these and the Tyrrell Case, supra, should be controlling on the question whether or not the deceased was such a State employee as to be entitled to the benefits of the Workmen's Compensation Act.

The question as to whether or not the deceased's injuries arose during the course of and out of his employment must be decided affirmatively by the court before an award can be made. From the evidence as to the work and hours of the deceased, and the occasion for his being at the place where the accident occurred, it would appear that there is little question that the accident occurred during the course of his employment. Whether or not it arose out of his employment is difficult to determine in view of the decisions of the Supreme Court in *The Great American Indemnity Co.* vs. *Ind. Comm.,* 367 Ill. 241; *Puttkammer* vs. *Ind. Comm.,* 371 Ill. 497, and *Olympic Commissary Co.* vs. *Ind. Comm.,* 371 Ill. 164. Was the nature of claimant's employment such that such an accident might have been contemplated by a reasonable person when entering the employment, as being incidental to the employment? In view of the large number of traffic accidents and the fact that the deceased had to drive a horse and wagon ordinarily and a truck on occasion, along a paved State highway on the south side of the school grounds and a gravel county highway on the north side in connection with that part of his work, which was picking up and delivering laundry, it might well be considered that the accident arose out of the employment, and we so find.

Only in case of dependency can an award be made under the Workmen's Compensation Act, and the dependency must be decided by the testimony. The only evidence on dependency in this case is that of the claimant Nellie Gleason, deceased's mother, and her husband John J. Gleason. The

latter testified that he earned $150.00 per month and that he gave from this amount, $100.00 to his wife for the purpose of the family living expenses such as water, lights, gas bill, and groceries. The claimant testified she did not know the amount of the rent, because Mr. Gleason paid it. She also testified she did not know the amount of Mr. Gleason's salary, and that Richard Kane, her deceased son, paid her approximately $30.00 per month for the family living expenses. So it would seem that at the time of the employee's death the family income for the support of the three members at home totaled $180.00, and of that amount the deceased contributed one-sixth of the total. Richard Kane thus contributed only one-sixth of the support of his mother. One-sixth of four times the annual earnings or salary of Richard Kane, would be four times $1,107.00, which equals $4,428.00, divided by six equals $738.00, but since this is less than the minimum of $1,000.00 the award must be based on such minimum. From this must be deducted the sum of $34.12 which was paid to the deceased for non-productive work leaving a net of $965.88, payable at the rate of $10.64 per week, which is the compensation rate of said deceased employee. *(Section 7, Paragraph (C) of Workmen's Compensation Act.)*

This claimant has asked the State to pay the items represented by Exhibits No. 1 to No. 5 inclusive, as follows, to Dr. G. A. McGuinness, 308 East Washington Street, West Chicago, Illinois, $330.00 for medical and surgical services; St. Joseph Mercy Hospital, 421 North LaSalle Street, Aurora, $263.65; Vernon L. Evans, M. D., 33 South Island Avenue, Aurora, Illinois, $125.00; Helen Connors, Aurora, Illinois, Nursing, $90.00; Dorothy Burnham, Aurora, Illinois, nursing, $90.00; Charles E. Norris and Son Funeral Directors, 112 Main Street, Chicago, Illinois, $612.50; George F. Fitzgerald, 160 North LaSalle Street, Chicago, for reporting and transcript of the evidence in this case, $75.00, making a total of $1,586.15.

*Section 8, Paragraph (A)* of the Workmen's Compensation Act, provides as follows:

"Employers shall provide the necessary first aid, medical and surgical services, and all necessary medical, surgical, and hospital services thereafter, limited however to that which is reasonable and required to cure or relieve from the effects of the injury. The employee may elect to secure his own physician, surgeon and hospital services at his own expense."

From the testimony of Dr. Harry H. Nierenberg, school physician, W. T. Harmon, Managing Officer, and Arnold J. Rauen, Assistant Managing Officer of the St. Charles School for Boys, it would appear that the injured employee and his dependent, the claimant herein, made an election to furnish their own medical, surgical and hospital services; that the injured employee was conscious all the time Dr. Nierenberg was attending him, and that members of his family consulted with him. It does not appear that Dr. McGuinness, the family physician, made any arrangement whatsoever concerning his services with any employee of the State who had authority to make such arrangements. The deceased at the time of the injury was immediately taken to the State School Hospital. It apparently was not equipped properly to administer to the employee, but the services and equipment of the Illinois Research Hospital, which is operated by the respondent, was offered and refused, although the staff is composed of very skillful people. The evidence further shows that the immediate family and their friends were duly warned that the State would not pay for medical, surgical, and hospital services selected by the claimant or the employee, and after being fully advised the election was made. Dr. Nierenberg, on *Page 36* of the *transcript* was asked the following question:

Q. "Did any members of Mr. Kane's family inform you as to why they desired that he not go to the Illinois Research Hospital?"

And he answered:

A. "They had a preference for this physician, Dr. McGuinness, and also a preference for the St. Joseph Mercy Hospital, was the only reason they gave."

Again on *Page 42* of the *transcript* he testified as follows:

"I might add to that, that his physician was called immediately and we proceeded, even in the one day that he was here, to follow this physician's advice, since Mr. Kane (deceased) himself requested that we have this man in, and we felt that it was the man's privilege to have whom he wished to take care of him in such a situation."

And again on *Page 43* of the *transcript*, (referring to Mrs. Gleason, the claimant herein):

"She said she would like this physician to continue with the case, and also she would feel more secure if the patient were in a Catholic Hospital, and there was no more said about the matter."

It appears therefore from a careful examination of the evidence that an election was made by the deceased and his representatives to furnish their own medical, surgical, and

hospital services, and therefore the State cannot be bound by Exhibits 1, 2, 3, 4, and 5.

*Chiara* vs. *State*, 10 C. C. R., 387.

Exhibit number 6, that of Charles E. Norris and Son for funeral expenses in the sum of $612.50, cannot be allowed, for the reason there is no provision for the payment of funeral expenses of the employee where there are dependents surviving the deceased employee under the Workmen's Compensation Act of Illinois, and since this claim is on that basis this item must be denied.

Exhibit number 7, that of George F. Fitzgerald for taking evidence and preparing transcript for claimant cannot be allowed.

Rule Eighteen of the Court of Claims provides as follows:

"All costs and expenses of taking evidence on behalf of claimant shall be borne by the claimant, and the costs and expenses of taking evidence on behalf of the respondent shall be borne by the respondent."

From a consideration of all the evidence the court finds that the deceased, Richard A. Kane, and respondent were, at the time of the accident and death of the former, both operating within the terms of the Workmen's Compensation Act; that the injury and death of Richard A. Kane was caused by an accident which arose out of and in the course of his employment by the State of Illinois; that respondent had actual knowledge of the accident and that notice of claim, and application for compensation were made within the statutory limits prescribed by said Act; that the deceased's annual earnings for the year preceding his death in the employment in which he was then engaged, were $1,107.00, or an average weekly wage of $21.28. That he left surviving him, his mother, Nellie Gleason, the claimant herein, who was partially dependent upon him for support; that the respondent is not liable for medical, surgical, hospital, nursing, court reporting, or any other accounts incurred by the deceased or his representatives for the reason they made an election as provided in *Section 7, Paragraph (A)* of the *Workmen's Compensation Act.*

The court finds that claimant is entitled to an award in the sum of One Thousand ($1,000.00) Dollars, being the minimum allowed under the terms of the Illinois Workmen's Compensation Act, from which must be deducted the sum of $34.12, which was paid by the respondent for non-productive

work for fifteen days to the employee for the month of August, 1939, leaving a net award of Nine Hundred Sixty-five Dollars and Eighty-eight Cents ($965.88), at the rate of Ten Dollars and Sixty-four Cents ($10.64) per week all of which has accrued and is payable in a lump sum.

An award is therefore entered in favor of claimant for the sum of Nine Hundred Sixty-five Dollars and Eighty-eight Cents ($965.88) payable as above designated in a lump sum.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriations from the General Revenue fund in the manner provided for in such Act.